**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

KENNETH MUNSON,                                    No. C 08-5053 SBA

       Plaintiff,                                **ORDER**

 v.                                              **[Docket Nos. 5, 9, 16]**

STATE OF CALIFORNIA,

       Defendant.

---

Before the Court is Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(3) for improper venue. The Court DENIES the motion and TRANSFERS the above-mentioned action to the EASTERN DISTRICT OF CALIFORNIA.

## BACKGROUND

Plaintiff contends he has physical disabilities and was injured during transportation from a hospital in Bakersfield, California to the California Medical Facility in Vacaville, California. Plaintiff's complaint also claims the conditions of his confinement at the California Medical Facility are inadequate. He brings his claims under the Americans with Disabilities Act, the Rehabilitation Act, and California disability statutes.

Plaintiff is a California resident. Defendant resides in Sacramento, CA, which is in Sacramento County. The California Medical Facility, where the events of the claim allegedly occurred, is in Solano County. Bakersfield, California is in Kern County. All of these locations are venued in the Eastern District of California.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) provides that a party may move to dismiss an action for improper venue. When presented with a timely objection to venue, plaintiff bears the burden to demonstrate that venue is proper. *Second Image Inc. v. Ronsin Photocopy, Inc*. 2007 WL 4557797, 1(N.D.Cal. 2007).

According to 28 U.S.C. § 1391(b), venue is proper either in a judicial district where the

Defendant resides, or in a district where a substantial part of the events or omissions giving rise to the claim occurred.

According to 28 U.S.C. § 1406(a), the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. *See also King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

## **ANALYSIS**

Venue is improper in the Northern District of California under 28 U.S.C. §1391(b) for two reasons. First, the Defendant resides in Sacramento, which is in the Eastern District of California. Venue is proper in the Eastern District under §1391(b)(1).

Second, the plaintiff's alleged injuries occurred between two counties in the Eastern District of California: Kern and Solano. Moreover, the plaintiff's claim that the conditions of his confinement in the California Medical Facility are inadequate under federal and state disability law arises in Solano County, which is in the Eastern District of California. Venue is proper in the Eastern District under §1391(b)(2).

Plaintiff alleges no facts to support venue in the Northern District of California and concedes that "the original reasons that motivated plaintiff and plaintiff's counsel to file in the Northern District have been rendered moot." [Opp'n at 3].

However, the Plaintiff requests the Court transfer the case to the Eastern District which is the best location with respect to witnesses and the site of the alleged incident.

The Court, pursuant to 28 U.S.C. § 1406(a) and finding that it is in the interest of justice, TRANSFERS the above-captioned case to the Eastern District of California.

IT IS FURTHER ORDERED that Defendant's Motion for Administrative Relief from the Court's Scheduling Order of November 5, 2008, is GRANTED and the Scheduling Order is VACATED [Docket No. 9]. The Defendant's Motion to Strike Plaintiff's Untimely Opposition is DENIED AS MOOT. [Docket No. 16].

IT IS SO ORDERED.

1 | Dated: 2/4/09

_Saundra B Armstrong_

2 | Saundra Brown Armstrong

3 | United States District Judge