IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH MUNSON,

      Plaintiff,                         No. CIV S-09-0478 JAM EFB P

   vs.

STATE OF CALIFORNIA, et al.,

      Defendants.                <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding through counsel in an action brought under 42 U.S.C. § 1983. This action was transferred to this court on February 19, 2009. The complaint, filed November 5, 2008, claims that plaintiff's rights have been violated under Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*., the Rehabilitation Act of 1973, 29 U.S.C. §§ 794, *et seq*., California's Disabled Persons Act, Cal. Civ. Code §§ 54, *et seq*., and the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, *et seq*. Defendants have filed a motion requesting that the court screen the complaint pursuant to 42 U.S.C. § 1915A, and that the court stay discovery pending the filing of an answer. Plaintiff has not filed any opposition. For the reasons explained below, both motions are granted.

////

////

1

## I. Screening Requirement

Pursuant to the screening provisions of 42 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Here, there is no question that plaintiff is a prisoner who seeks redress from a governmental entity, i.e., the State of California. Thus, the screening requirement applies. In the interest of fairness to all litigants, it is the practice of this court to review complaints in the order in which the Clerk of the Court assigns cases filed in this court. *See* L. R. 3-120(e). Accordingly, defendants' motion is granted and the court will review the complaint in this action in the order in which it was assigned.

## II. Protective Order

Defendants request that the court stay discovery until after the court has reviewed the complaint and resolved any motion to dismiss that the defendants might make. In a civil action, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). "Upon motion by a party. . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). Defendants assert that there is a possibility that the court will narrow the claims either in the process of conducting the statutorily required review or in the process of resolving any motion that the defendant might make under Federal Rules of Civil Procedure 12(b). Defendants argue that in light of this possibility, it would be overly burdensome and expensive to engage in discovery at this point in the proceedings. This argument is well-taken. Therefore, discovery will be stayed until after the court reviews the complaint and resolves any motion to dismiss that defendants may bring thereafter.

////

2

1  Accordingly, it is ORDERED that:

2  1. Defendants' March 5, 2009, motion to review the complaint pursuant to 28 U.S.C.
3  § 1915A is granted;

4  2. Defendants' motion to stay discovery is granted; and,

5  3. Discovery is stayed until after the court conducts the statutorily required review of the
6  complaint and resolves any motion to dismiss that the defendants may thereafter file.

7  Dated: July 31, 2009.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE