IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH MUNSON,

        Plaintiff,                              No. CIV S-09-0478 JAM EFB P

      vs.

STATE OF CALIFORNIA, et al.,

        Defendants.                  <u>FINDINGS AND RECOMMENDATIONS</u>

                                  /

        Plaintiff is a state prisoner proceeding through counsel. Plaintiff is a paraplegic and at the time of filing the complaint, was confined at California Medical Facility. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        The court finds that, for the limited purposes of § 1915A screening, the complaint states cognizable claims pursuant to Title II of the Americans with Disabilities Act, the Rehabilitation Act, and California's Disabled Persons Act.

        Plaintiff also alleges a state law claim based on the Unruh Civil Rights Act, which requires "full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). Plaintiff has not provided authority suggesting that California Medical Facility is a "business establishment" within the meaning of the Unruh Civil Rights Act, and this court is unaware of any authority

1

suggesting the same. Because the court finds this is a determination more appropriately made by the state court, it recommends that supplemental jurisdiction not be exercised over this claim. 28 U.S.C. § 1367(c)(1) (district court may decline to exercise supplemental jurisdiction over a claim if it "raises a novel or complex issue of State law"); *see also Lee v. Wilkinson*, No. 1:09-cv-0722 YNP PC, 2009 U.S. Dist. LEXIS 81974, at *20-21 (E.D. Cal. Sept. 1, 2009) ("To the extent that Plaintiff seeks to argue that California's Unruh Civil Rights Act does apply in the context of a state prison, Plaintiff is raising a novel question of state law that is more appropriately addressed in state court. Rather than . . . assuming that a state prison is not a 'business establishment' under California law, the Court finds it appropriate to abstain from deciding this issue of state law.").

Plaintiff also names "Does 1 through 100" as defendants. The use of Doe defendants is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Therefore, the claims against the Doe defendants should be dismissed without prejudice. Should plaintiff learn their identities through discovery, the appropriate procedure under the Federal Rules of Civil Procedure is to move for leave to file an amended complaint to add them as defendants pursuant to Rule 15. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

The court also notes that plaintiff must have exhausted available administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a); *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1061 (9th Cir. 2007) ("Because the [Americans with Disabilities Act] and Rehabilitation Act are federal laws, the plain language of the [Prison Litigation Reform Act] requires that prisoners bringing an action under these federal statutes challenging prison conditions must first exhaust available administrative remedies.").

Accordingly, it hereby is RECOMMENDED that:

1. The court decline supplemental jurisdiction over plaintiff's Unruh Civil Rights Act claim pursuant to 28 U.S.C. § 1367(c);

2. Claims against Doe defendants be dismissed without prejudice; and

3. Defendant be directed to, within thirty days, file a response to the complaint as herein narrowed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 25, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE