IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH MUNSON,

        Plaintiff,                    No. CIV S-09-0478 JAM EFB P

    vs.

STATE OF CALIFORNIA,

        Defendant.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

       Plaintiff is a former prisoner proceeding with counsel in a civil rights action brought under 42 U.S.C. § 1983. On June 9, 2010, defendant moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons explained below, the motion must be granted in part and denied in part.

**I.    Facts**

       This action proceeds on the November 5, 2008 complaint in which plaintiff alleges the following:

       Plaintiff is a paraplegic who uses a wheelchair for mobility. Dckt. No. 1, Compl. at 1. He was incarcerated at California Medical Facility in Vacaville (hereinafter "CMF") at all times relevant to the complaint. The shower, bathing and restroom facilities there were allegedly not accessible to wheelchair users, including plaintiff. *Id.* at 3. As a result, plaintiff allegedly

1

injured himself trying to shower and was unable to adequately clean himself. *Id.* Plaintiff claims that his requests for wheelchair-accessible shower facilities were denied. *Id.* He also claims that he did not receive adequate treatment for injuries sustained in, or aggravated by, his fall in the shower. *Id.* at 4.

The toilet in plaintiff's cell lacked grab bars. *Id.* at 3. Consequently, he claims that "[p]laintiff was forced for months to lie in bed and use his fingers in his rectum to deal with his defecation needs." *Id.* at 3-4. He adds that defendant denied plaintiff's requests for an accessible toilet, *id.* at 4, and that defendant could have provided proper wheelchair-accessible facilities without experiencing an undue financial or administrative burden. *Id.* at 5.

Plaintiff uses a condom catheter to urinate, but defendant allegedly refused to provide the proper size catheter despite repeated requests. *Id.* The wrong-size catheters provided by defendant caused plaintiff bladder infections. *Id.*

On June 29, 2007, plaintiff was transported from Mercy Hospital in Bakersfield to CMF following treatment for ulcers on his feet and buttocks. *Id.* at 2. Plaintiff requested transportation in a manner to avoid long contact on his feet or buttocks, but his requests were denied. *Id.* Plaintiff asserts that defendant could easily have accommodated plaintiff without any undue burden to defendant. *Id.* at 5. He contends that the long trip caused new injuries to his feet and buttocks that were very painful and took months to heal. *Id.* at 2-3.

The canteen at CMF makes numerous items available for purchase to non-disabled patrons that are not made available to disabled patrons. *Id.* at 4. Plaintiff's complaints regarding this disparity were allegedly ignored. *Id.* Defendant could have provided non-discriminatory access to canteen items without experiencing an undue financial or administrative burden. *Id.* at 5.

Plaintiff also alleges that defendant has failed to complete self-evaluation and transition plans as required by the Code of Federal Regulations. *Id.* at 5-6.

////

Plaintiff's asserts the following causes of action: (1) a violation of Title II of the Americans with Disabilities Act (hereinafter "ADA"); (2) a violation of the Rehabilitation Act of 1973 (hereinafter "RA"); (3) a violation of California's Disabled Persons Act (hereinafter "CDPA"); and (4) a violation of California's Unruh Civil Rights Act. *Id.* at 8-9. In its screening order of May 21, 2010, the court declined to exercise supplemental jurisdiction over the Unruh Act claim, but found that plaintiff had stated cognizable claims under the ADA, RA, and CDPA. Dckt. No. 28. Defendant now seeks dismissal of the remaining claims.

**II.    Standards on Motion to Dismiss**

In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 563, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

The court accepts the complaint's factual allegations as true. *Iqbal*, 129 S. Ct. at 1949. However, to state a claim, the allegations must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" and instead include facts sufficient "to raise a right to relief above the speculative level," because legal conclusions contained in the complaint are not presumed true. *Id.* at 1949-50; *Twombly*, 550 U.S. at 555-56. "A complaint may be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984)

**III.   Analysis**

Defendant seeks dismissal of each of plaintiff's three remaining claims (brought under the ADA, RA, and CDPA). Defendant contends that it is immune from ADA and RA liability under the Eleventh Amendment, that plaintiff fails to state a claim under the ADA and RA, and

that it is immune from CDPA liability under California law.  Should the court decline to dismiss the ADA and RA claims outright, defendant seeks dismissal of plaintiff's requests for injunctive relief thereunder.  Defendant also argues that plaintiff lacks a private right to enforce the state's obligation under the Code of Federal Regulations to complete self-evaluation and transition plans.  The court will address each argument in turn.

A. *Defendant's Eleventh Amendment Immunity Has Been Validly Abrogated*

Defendant concedes that it is well-settled in the Ninth Circuit that Congress has validly abrogated the states' Eleventh Amendment immunity in enacting the ADA and RA.  *See Clark v. California*, 123 F.3d 1267 (9th Cir. 1997); *Video Gaming Techs., Inc. v. Bureau of Gambling Control*, 621 F. Supp.2d 918, 920 (E.D. Cal. 2008).  Defendant raises the argument "for purposes of further appellate review."  Def's Mot. to Dism., Dckt. No. 29 at 3 n.2.  Accordingly, dismissal of plaintiff's claims under the ADA and RA on grounds of Eleventh Amendment Immunity must be denied.

B. *The Complaint Adequately States Claims under the ADA and RA*

Title II of the ADA requires public entities to provide equal access to services, activities, and programs.  42 U.S.C. § 12132.  The RA similarly bars discrimination on the basis of disability in the provision of benefits by programs receiving federal funding.  29 U.S.C. § 794. To establish a defendant's liability under these statutes, a plaintiff must show that: (1) he or she is a qualified individual with a disability; (2) he or she was excluded from or denied services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.  *Weinrich v. L.A. County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997).  To succeed on an RA claim, the plaintiff must additionally show that the public entity received federal funding.  *Id.*  Where the public entity in question is a prison, the plaintiff must also show that the conduct complained of was not reasonably related to a legitimate penological interest.  *Gates v. Rowland*, 39 F.3d 1439, 1446-47 (9th Cir. 1994).

1    Defendant first argues that plaintiff's complaint fails to adequately allege that he was
2 excluded from or denied services, programs or activities.  The court disagrees.  The complaint
3 states that plaintiff was not provided wheelchair-accessible shower and bathroom facilities, was
4 denied adequate transportation, and was denied access to certain canteen items, and defendant
5 has cited no authority holding that such facilities are not "services, programs or activities" under
6 the ADA and RA.  Moreover, these allegations suffice to state that plaintiff was "otherwise
7 discriminated against" by defendant.
8    Defendant next argues that plaintiff's complaint fails to adequately allege that
9 defendant's conduct was not reasonably related to a legitimate penological interest.  Again, the
10 court cannot agree.  The complaint states that defendant could have provided accessible
11 facilities, adequate transportation, and nondiscriminatory access to canteen items without
12 experiencing an "undue burden."  This allegation suffices at this stage of the proceedings – when
13 no discovery has been conducted and plaintiff cannot be expected to divine defendant's reasons
14 for the alleged conduct – to state that the conduct was not reasonably related to a legitimate
15 penological interest.
16    Accordingly, defendant's request for dismissal of the ADA and RA claims for failure to
17 state a claim upon which relief may be granted must be denied.
18    C.  *Defendant Is Immune from CDPA Liability Under California Law*
19    Defendant argues that it is immune from liability under the CDPA under California
20 Government Code § 844.6, which states that a public entity is not liable for any injury to a
21 prisoner.  Plaintiff has articulated no opposition to this argument.  California courts have held
22 that the state is a "public entity" under § 844.6 and that public entities are immune from liability
23 for injury to a prisoner.  *Teter v. City of Newport Beach*, 66 P.3d 1225, 1226 (Cal. 2003); *Savitt*
24 *v. Jordan*, 191 Cal. Rptr. 290, 291-92 (Cal. Ct. App. 1983).  Thus, plaintiff's CDPA claim
25 should be dismissed.
26 ////

D. *The Injunctive Relief Claims Are Moot*

Plaintiff concedes that his claims for injunctive relief under the ADA and RA are moot because he has been released from prison. Accordingly, these claims must be dismissed.

E. *No Cause of Action Stated Regarding Self-Evaluation and Transition Plans*

Defendant argues that the provisions in the Code of Federal Regulations requiring it to complete a self-evaluation plan and a transition plan, 28 C.F.R. §§ 35.105 and 35.150, do not provide a privately-enforceable remedy. *See Lonberg v. City of Riverside*, 571 F.3d 846, 849-52 (9th Cir. 2009) (holding that § 35.150(d) does not create a private right of action). Plaintiff concedes this point and states that the allegations in the complaint concerning those regulations are intended not as a separate basis of liability but rather as evidence of defendant's indifference to its statutory obligations to wheelchair users like plaintiff. Indeed, the complaint does not contain a separate cause of action brought under these regulations. To the extent that it could be construed to allege a claim to enforce § 35.105 and 35.150, however, such a claim should be dismissed pursuant to *Lonberg*.

**IV.     Conclusion and Recommendations**

For all of the above reasons, the court finds that defendant's motion to dismiss must be granted as to plaintiff's claim under the California Disabled Persons Act, plaintiff's requests for injunctive relief under the Americans with Disabilities Act and Rehabilitation Act, and any possible claim to enforce 28 C.F.R. §§ 35.105 and 35.150. Because plaintiff has adequately alleged discrimination on the basis of disability unsupported by a legitimate penological interest, and because the state does not enjoy immunity under the 11th Amendment from liability under the ADA and RA, the motion to dismiss should otherwise be denied.

Accordingly, it is hereby recommended that:

1. Defendant's June 9, 2010 motion to dismiss (Dckt. No. 29) be granted as to plaintiff's claim under the California Disabled Persons Act, plaintiff's requests for injunctive relief under the Americans with Disabilities Act and Rehabilitation Act, and any possible claim to enforce 28

1  C.F.R. §§ 35.105 and 35.150; and

2       2.  In all other respects, defendant's motion to dismiss be denied.

3       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 24, 2011.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE