IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH MUNSON,

     Plaintiff,                    No. 2:09-cv-0478 JAM EFB P

    vs.

STATE OF CALIFORNIA,          ORDER DIRECTING THE FILING OF
                                            PRETRIAL STATEMENTS AND SETTING
     Defendant.              FINAL PRETRIAL CONFERENCE
_____/

     Plaintiff is a former state prisoner proceeding with counsel in an action brought under the Americans with Disabilities Act and the Rehabilitation Act. A final pretrial conference is set before the undersigned on July 3, 2013 at 10:00 a.m. in Courtroom No. 8. Counsel are cautioned that counsel appearing for pretrial will in fact try the matter. Counsel for all parties are to be fully prepared for trial at the time of the pretrial conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel are referred to Local Rules 281 and 282 relating to pretrial statements and conferences. A FAILURE TO COMPLY WITH LOCAL RULES 281 AND 282 WILL BE GROUNDS FOR SANCTIONS.

     The parties shall file a *joint pretrial statement* not later than fourteen days prior to the pretrial conference. The joint pretrial statement shall conform with the requirements of Local Rule 281(b). Where the parties are unable to agree as to what factual issues are properly before

the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue.  The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action. The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all parties about the precise *issues* that will be litigated at trial.  *The court is not interested in a listing of all evidentiary facts underlying the issues that are in dispute.*

Pursuant to Local Rule 281(b), the parties are required to provide in their pretrial statement a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose.  These lists shall not be contained in the pretrial statement itself, but shall be attached as separate documents to be used as addenda to the final pretrial order.  Plaintiff's exhibits shall be listed numerically; defendant's exhibits shall be listed alphabetically.

Counsel are reminded that, pursuant to Federal Rule of Civil Procedure 16, it will be their duty at the pretrial conference to aid the court in (a) formulation and simplification of issues and the elimination of meritless claims or defenses; (b) settling of facts which should be properly admitted; and (c) avoidance of unnecessary proof and cumulative evidence.  The parties must prepare their joint pretrial statement, and participate in good faith at the pretrial conference, with these aims in mind. A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

So ordered.

DATED:  May 7, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE